BRUCE D. BUTTS vs. ZONING BOARD OF APPEALS
OF FALMOUTH.

Barnstable.   May 9, 1984. — June 11, 1984.

Present: GREANEY, C.J., CUTTER, & DREBEN, JJ.

*Practice, Civil,* Parties, Zoning appeal. *Zoning,* Nonconforming use or
    structure, Enforcement, Person aggrieved. *Res Judicata. Words,*
    "Person aggrieved."

Since a landowner who objected to the issuance by a town's building com-
    missioner of a permit to erect a structure on abutting land was the
    "original appellant" in a proceeding before the town's zoning board of
    appeals under G. L. c. 40A, § 17, and since the landowner was a "person
    aggrieved" by the commissioner's action which, he alleged, would allow
    erection of a structure blocking his view of the ocean, he was a necessary
    party to and entitled to notice of an action commenced by the permit
    holder in the Superior Court seeking judicial review of the board's
    decision vacating the issuance of the permit. [252-253]
There was no merit to the contention that a postjudgment motion to intervene
    in a civil action as a party defendant was untimely where the applicant
    was a necessary party to and entitled to notice of the action, and where
    it appeared that the plaintiff purposely failed to join him as a party or
    apprise him of the action, and where the applicant moved to intervene
    as soon as he learned of what had happened. [254]
In an action by the holder of a building permit seeking judicial review of a
    decision by a town's zoning board of appeals vacating the issuance of
    the permit, it could not be concluded that the interests of an abutting
    landowner, who alleged that his view of the ocean would be blocked
    by the proposed structure, were adequately represented by the town,
    where the legal questions that the abutter sought to raise by means of a
    postjudgment motion to intervene appeared to depend for their resolution
    on factual findings not present in the record. [254]
An abutting landowner was not precluded under principles of res judicata or
    collateral estoppel from intervening after judgment in an action com-
    menced by the holder of a building permit seeking judicial review of a
    decision by a town's zoning board of appeals vacating the issuance of
    the permit, where the abutter, as "original appellant" in the board of
    appeals proceeding, had a statutory right to be a party to the action and
    where his interests had not been represented by the town. [254-255]

CIVIL ACTION commenced in the Superior Court Department on September 8, 1982.

The case was heard by *Lynch, J.*, on a motion for summary judgment.

A postjudgment motion by Warren E. Carley seeking to intervene as a defendant and to vacate the judgment was heard by *Irwin,* J.

*Harvey J. Wolkoff* for the intervener.

*Kevin M. Kirrane* for the plaintiff.

GREANEY, C.J. Warren E. Carley has appealed from the denial of his postjudgment motion in which he sought (1) to intervene as of right pursuant to Mass.R.Civ.P. 24(a)(1), 365 Mass. 769-770 (1974), see *Attorney Gen.* v. *Brockton Agricultural Soc.,* 390 Mass. 431, 433 (1983); *Mayflower Dev. Corp.* v. *Dennis,* 11 Mass. App. Ct. 630, 634 (1981), and (2) to vacate a judgment for the plaintiff, Bruce D. Butts, pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). We conclude that Carley, as the "original appellant" before the Falmouth zoning board of appeals (board) under the provisions of G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, was a necessary party to the proceedings and therefore had a right to intervene.

The history of the litigation is lengthy and complicated procedurally. We summarize only the facts and prior proceedings necessary to our decision. On August 7, 1981, an application was filed, purportedly on behalf of Butts, with the Falmouth building commissioner for a permit to make certain alterations on a nonconforming structure owned by Butts, on a lot which directly abuts the lot on which Carley's home stands. After the building commissioner granted the application, the Falmouth planning board (planning board) and Carley filed separate appeals with the board, contending that the proposed remodelling would materially increase the nonconforming nature of the structure and thus required a special permit under the Falmouth zoning by-law. The board determined that, while the remodelling would not materially increase the structure's nonconforming nature, the alterations constituted an improvement which required compliance with the flood plain provisions

of the by-law. Consequently, it became necessary for Butts to construct a flood plain foundation, which involved groundwork and, in turn, required a determination by the Falmouth conservation commission of the applicability of the Wetlands Protection Act, G. L. c. 131, § 40. That commission decided on March 18, 1982, that the Wetlands Protection Act did apply to Butts' proposed alterations, ordered that no heavy equipment be brought on the property, and granted permission for Butts to do the work by hand. Butts apparently decided that the work could not feasibly be done by hand and, on April 26, 1982, demolished the existing structure. Thereafter, the building commissioner amended the existing building permit to allow Butts to build a new structure. The planning board and Carley again appealed the commissioner's decision to the board. On August 19, 1982, the board issued decisions on the two appeals which vacated the issuance of the amended building permit and ordered Butts to apply to the board for a special permit.

Butts promptly filed two complaints in the Superior Court, one seeking review of the board's decision on the planning board's appeal and the other (the action with which we are concerned on this appeal) seeking review of the board's decision on Carley's appeal. Butts failed to name Carley as a party defendant or to provide him with actual notice of the proceedings. A record was developed in the Superior Court which permitted a judge of that Court to decide the actions on motions for summary judgment. The judge's memorandum focused exclusively on the legal issue whether the term "reconstruction" in § 1222(a) of the Falmouth by-laws permitted rebuilding of a nonconforming structure which had been demolished by its owner. The judge concluded that rebuilding was permitted and that the board was in error in requiring a special permit. Judgments entered in both cases annulling the board's decisions. After discovering the existence of the actions, Carley filed his postjudgment motion to intervene and to vacate the judgment in the case involving his appeal (Barnstable civil action no. 82-42443). Because the Superior Court judge who had decided the case was unavailable, another judge of the Superior Court denied the motion, reasoning that the motion was untimely and

that G. L. c. 40A, § 17, did not require that Carley be named as a party defendant.

1. General Laws c. 40A, § 17, requires that: "If the complaint is filed by someone other than the original applicant, appellant, or petitioner such original applicant, appellant, or petitioner . . . shall be named as parties defendant with their addresses." Carley argues that Butts was "someone other than the original applicant, appellant or petitioner", and that he (Carley) was the "original appellant" before the board. He correctly concludes that he was a necessary party defendant in any action brought by Butts seeking judicial review pursuant to § 17.

Section 17 does not define the words "original applicant, appellant, or petitioner" and no case has been brought to our attention construing those words. Recognizing the general rule that statutes relating to the same subject matter should be read together to create "an harmonious whole consistent with the legislative purpose," *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981), we can determine what the Legislature meant by these terms by reference to G. L. c. 40A, § 14, inserted by St. 1975, c. 808, § 3. Section 14 provides in relevant part that: "A board of appeals shall have the following powers: (1) To hear and decide *appeals in accordance with section eight*[;] (2) To hear and decide *applications for special permits* upon which the board is empowered to act under [an] ordinance or by-laws[;] (3) To hear and decide *petitions for variances* as set forth in section ten[;] (4) To hear and *decide appeals from decisions of a zoning administrator,* if any, in accordance with section thirteen and this section" (emphasis supplied). The provisions of § 14, indicate that the language in § 17, referring to the "original applicant, appellant, or petitioner" was meant to focus on a party's status at the proceedings before the board of appeals. Butts did not initiate the proceedings before the board, and, consequently, he is someone other than the "original applicant, appellant, or petitioner." The fact that Butts may have sought an amended building permit from the building commissioner is irrelevant to, and does not change, his subsequent status before the board.

On the other hand, Carley was the "original appellant" before the board. Referring to the language in G. L. c. 40A, § 14, it is clear to us that the words "original appellant" in G. L. c. 40A, § 17, refer to the person who appeals from a decision of a local administrative official to the zoning board of appeals either pursuant to G. L. c. 40A, § 8, or G. L. c. 40A, § 13, both inserted by St. 1975, c. 808, § 3. Carley was the party who appealed the commissioner's grant of an amended building permit to Butts. (Similarly, the reference in § 17 to the original "applicant" means the person who applied to the board of appeals for a special permit, and the reference in § 17 to the original "petitioner" means the person who filed a petition for a variance with the board of appeals in accordance with the provisions of § 10 of c. 40A.)

It remains to inquire whether Carley is a "person aggrieved" by the local decision since under G. L. c. 40A, §§ 8 and 13, only a "person aggrieved" by an order or decision of an administrative official may appeal to the zoning board of appeals. See *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230, 232-233 (1981); *Chongris* v. *Board of Appeals of Andover,* 17 Mass. App. Ct. 999, 1000 (1984). Carley's appeal was filed pursuant to various provisions of G. L. c. 40A and challenged the building commissioner's actions as being in violation of G. L. c. 40A, § 7, and certain sections of the zoning by-law. Carley is an immediate abutter to the property, see *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 629-630 (1977), and claims, among other things, that his view of the ocean will be completely blocked if Butts' new structure is built. Moreover, Butts did not question Carley's standing before the board, and there is no indication that Carley's standing before the board was contested in the Superior Court. Compare *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 214-217 (1975). Since Carley has demonstrated a legitimate interest in the board's proceedings, see *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. at 629, we conclude that he had standing as a "person aggrieved" to file an appeal with the board. Thus, since Carley had standing as a person aggrieved and satisfies the test set forth in § 17, that statute required that he be named as a party in the action.

2. None of the other reasons given by the motion judge or now argued by Butts persuade us that Carley's motion was properly denied.

(a) It is not an answer, on the present record, to argue that Carley's motion to intervene was untimely. It appears that Butts purposely failed to join Carley as a party and to apprise him of the appeal taken by Butts to the Superior Court. Carley moved to intervene as soon as he learned of what had happened. Butts should not be allowed to benefit from his own wrongdoing. See *Muldoon* v. *Board of Appeals of Watertown,* 351 Mass. 702 (1966) (suggesting that the lapse of time caused by a plaintiff's failure to join a necessary party cannot make that party's motion for relief untimely).

(b) There is no question that Carley has factual evidence which is relevant to the application (to Butts' proposed reconstruction) of the tripartite test governing expansion or change in a nonconforming use. See *Powers* v. *Building Inspector of Barnstable,* 363 Mass. 648, 653-658 (1973). This evidence was not presented to the judge on the motion for summary judgment and, if raised, would have made the disposition of the case by summary judgment improvident. Indeed, the judge who decided the case indicated in his memorandum that he was deciding only the legal question whether the term "reconstruction" in § 1222(a) of the by-law allowed Butts to rebuild. The legal questions raised by Carley on this appeal to challenge the issuance of a building permit likewise appear to depend for their resolution on factual findings which do not appear in the record. Since Butts and the board did not inquire in the Superior Court whether the proposed structure would increase the nonconforming nature of the use — a critical issue to Carley as an abutter to the property — it cannot be found that Carley's interests were adequately represented by the town.

(c) There is no basis for concluding that Carley is barred from intervention under the doctrines of res judicata or collateral estoppel. Butts' reference to the decision in *Morganelli* v. *Building Inspector of Canton,* 7 Mass. App. Ct. 475 (1979), for support on the point is not helpful to him. *Morganelli* (at 481-486) applies the doctrine that a private individual whose

interests in the enforcement of zoning laws have been repre-
sented in a previous litigation by a public agency or official
*and* who does not have rights specifically granted by statute
is thereafter barred from instituting his own litigation. In *Mor-
ganelli* (at 485 n.16), we emphasized that the plaintiffs had
failed to pursue their statutory rights under G. L. c. 40A, § 17.
Here Carley as the "original appellant" before the board, had
a statutory right under G. L. c. 40A, § 17, to be included in
the present action as a party defendant. Thus, Carley is not
bound by the decision in the case that reviewed the board's
decision regarding the planning board's appeal.

3. Accordingly, the order denying Carley's motion to vacate
the judgment in civil action no. 82-42443 and to intervene as
a defendant in that action is reversed. See *McLaughlin* v.
*Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 680-683
(1967); *Ladd* v. *Board of Appeal of Malden,* 352 Mass. 777
(1967); *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804,
809-812 (1976). The judgment in that action is vacated, and
Carley shall be permitted to intervene therein as a defendant.
Further proceedings are to occur in the Superior Court consist-
ent with this opinion. Carley is to have his costs of appeal.

*So ordered.*