# RESCRIPT OPINIONS.

PETER FIFIELD *vs.* BOARD OF ZONING APPEAL OF CAMBRIDGE & another.[1] November 5, 2007. *Zoning,* Building permit. *Practice, Civil,* Zoning appeal. *Notice. Mail. Due Process of Law,* Notice.

Peter Fifield requested that the commissioner of inspectional services of Cambridge (commissioner) revoke a building permit issued to his neighbor, Husam M. Azzam, as trustee of Azzam Realty Trust. That request was denied, and Fifield appealed to the board of zoning appeal of Cambridge (board) pursuant to G. L. c. 40A, § 8. The board upheld the commissioner's decision. Fifield therefore commenced this action seeking judicial review of the board's decision pursuant to G. L. c. 40A, § 17. In his complaint, Fifield named the board, its members, and Azzam as defendants. Fifield sent notice and a copy of the complaint to Azzam by certified mail, return receipt requested.[2] However, Azzam neither signed for the certified mail nor claimed it at the post office. After a hearing, a judge in the Superior Court dismissed the complaint for failure to effect proper service on Azzam, who in his view was a necessary party to the action. In an unpublished memorandum and order issued pursuant to its rule 1:28, the Appeals Court ruled that the judge had incorrectly found that Azzam was entitled to service because he was the "original applicant, appellant, or petitioner" within the meaning of § 17.[3] *Fifield* v. *Board of Zoning Appeal of Cambridge,* 68 Mass. App. Ct. 1105 (2007). The Appeals Court therefore reversed the judgment of dismissal and remanded the case for further proceedings, "leav[ing] for determination at trial Azzam's status as a necessary party to this suit[,] whether service has been effected on him and the import, if any, of his failure to acknowledge receipt of certified mail." We granted the board's application for further appellate review. We agree with the Appeals Court that the complaint was wrongly dismissed, but we disagree with its reasoning.

It is clear from the hearing transcript that the judge did *not* find Azzam to be the "original applicant, appellant or petitioner" within the meaning of

---

[1]Husam M. Azzam, trustee of Azzam Realty Trust.

[2]It is not clear on the record how Fifield knew Azzam's address. The city solicitor of Cambridge, however, later used the same address to send documents to Azzam. We have been presented with no information suggesting that the address was incorrect.

[3]General Laws c. 40A, § 17, provides in relevant part that "[i]f the complaint is filed by someone other than the original applicant, appellant or petitioner, such original applicant, appellant, or petitioner . . . shall be named as [a] part[y] defendant," and that "instead of the usual service of process, the plaintiff shall . . . send written notice [of the filing of the complaint], with a copy of the complaint, by delivery or certified mail to all defendants . . . ."

G. L. c. 40A, § 17. Rather, the judge ruled that Azzam was a necessary party to the case for the simple reason that it is Azzam's building permit that Fifield seeks to have revoked. We agree with the judge on this point. Contrary to Fifield's argument, one need not be the "original applicant, appellant or petitioner" to be a necessary party. Nothing in G. L. c. 40A, § 17, or *Butts* v. *Zoning Bd. of Appeals of Falmouth*, 18 Mass. App. Ct. 249 (1984), is to the contrary. The provision in G. L. c. 40A, § 17, that the "original applicant, appellant or petitioner" must be made a defendant if he or she is not the plaintiff is inapposite here, as the plaintiff, Fifield, *is* the "original applicant, appellant, or petitioner." *Butts* v. *Zoning Bd. of Appeals of Falmouth*, *supra* at 253 (defining "original applicant, appellant, or petitioner" as person who applied to, appealed to, or petitioned zoning board).

The judge erred, however, when he ruled that Fifield failed to make effective service on Azzam. Fifield timely mailed notice of this action and a copy of the complaint to Azzam's address by certified mail. The United States Postal Service attempted delivery, but Azzam neither signed for the certified letter nor claimed it at the post office. Nonetheless, Fifield satisfied his obligations under the statute. The statute provides that "[t]o avoid delay in the proceedings, instead of the usual service of process, the plaintiff shall within fourteen days after the filing of the complaint, send written notice thereof, with a copy of the complaint, by delivery or certified mail to all defendants . . . ." G. L. c. 40A, § 17. By the statute's terms, Fifield was required to "send" notice to Azzam; the statute does not require proof that Azzam received it. See *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, 394 Mass. 663, 669 (1985) (G. L. c. 40A, § 15, requires that notice of board's decision "be mailed" to parties, but does not require proof of receipt). Cf. *Police Comm'r of Boston* v. *Robinson*, 47 Mass. App. Ct. 767, 772, 773 (1999) (where statute requires "that the licensee must receive the written notice [of revocation of license] and not just that the commissioner send it," "certified mail can be a legitimate means . . . but only if received"). Further, G. L. c. 40A, § 17, gave Fifield the option to send notice "by delivery or certified mail"; nothing in § 17 requires a plaintiff to attempt personal delivery if the defendant does not receive the certified mail. Because Fifield satisfied his obligations under the statute, he made effective service on Azzam.[4] Cf. *Andover* v. *State Fin. Servs., Inc.*, 432 Mass. 571, 574-576 (2000) (notice of tax foreclosure sent by certified mail to property owner satisfied statutory requirements and due process although owner did not receive it), quoting *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires

---

[4]Although it is not necessary to our decision, we note that Azzam participated in the proceedings before the board and knew or reasonably should have known that Fifield could seek judicial review of the board's decision. Cf. *Cappuccio* v. *Zoning Bd. of Appeals of Spencer*, 398 Mass. 304, 313 (1986) (where plaintiffs participated in action before zoning board, board's failure to mail notice of decision did not deprive them of due process; "plaintiffs were bound to take notice of the pertinent statutory requirements, such as the relevant appeal period under § 17"). It is also not necessary to decide whether Azzam intentionally evaded service. The judge did not so find, and such a finding is not compelled by the record. See *Commissioner of Revenue* v. *Carrigan*, 45 Mass. App. Ct. 309, 313 (1998) ("The inference that the defendant was evading process does not follow inexorably from the unclaimed mailings, which are as consistent with the defendant's absence from home as with an effort to avoid service"). It is enough that Fifield satisfied his statutory obligations.

notice "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). The complaint should not have been dismissed.

The judgment of the Superior Court is reversed, and the case is remanded for further proceedings.

*So ordered.*

*Paul S. Kawai,* City Solicitor, for the defendant.
*Thomas B. Bracken* for the plaintiff.