McCann, John S., J.
INTRODUCTION
The plaintiff Robert Lemansky is represented by David A. Wojcik, Esq. and Nicole B. Capriolo, Esq.
The defendants Raymond Mrzyglod, Brian Donegan, Thomas Ciras, Leonard Cardinal, Jr., Candace Sutherland and Frank Lombardi, all as Members of the Charlton Zoning Board of Appeals, are represented by James F. Cosgrove, Esq. and Susanne R. Blatt, Esq.
The defendants Hugh T. Briody and Susan S. Briody represent themselves pro se.
The defendants John N. Phillips and Cheiyl A. Phillips are represented by Edmond A. Neal III, Esq.
The first complaint in time, Docket No. 04-01258, was filed by Robert Lemansky (Lemansky) in the following three counts: (I) G.L.c. 40A, 17; (II) Declaratory Judgment and (III) Injunctive Relief. 
The simplified underlying facts in the complaint are the following, the complaint is an appeal by Lemansky against the Zoning Board of Appeals of Charlton which granted John N. Phillips and Cheiyl A. Phillips a building permit to build on what is referred to as Parcels 31 and 32. In Count I, Lemansky seeks to (1) annul and vacate the decision of the Zoning Board of Appeals granting the building permit; (2) order that parcel 30A violates the provisions of G.L.c. 40A as it was transferred without including Parcel 31; and (3) a mandatoiy injunction against Hugh T. Briody and Susanne S. Briody (Briodys) and John N. Phillips and Cheryl A. Phillips (Phillipses) ordering them to remove the building.
Count II seeks a declaratoiy judgment declaring that (1) Parcel No. 31 and 32 are nonbuildable lots; and (2) Parcel 30 lost its status as a nonconforming buildable lot.
Count III seeks the following injunctive relief: (1) a preliminary injunction enjoining the Phillipses from building; (2) a permanent injunction enjoining the Phillipses from building; (3) a.permanent injunction ordering the Briodys to remove all structures; (4) a permanent injunction ordering the Phillipses to remove all structures; and (5) a mandamus ordering Curtis Meskus (Meskus) to enforce the zoning bylaws of the Town of Charlton.
A second and separate complaint, Docket No. 06-01660, is in the following two counts: (I) G.L.c. 40A, 17 and (II) declaratory judgment.
The first count seeks to set aside the issuance of the building permit by Meskus to Phillips; in Count II, Lemansky seeks a declaratoiy judgment that Parcel Nos. 31 and 32 are not buildable lots and declare the building permit null and void and revoke it.
In the first complaint, Docket No. 04-01258, the Phillipses filed a Motion to Dismiss which was denied. The Phillipses then filed a Motion for Summaiy Judgment. The Briodys, who represent themselves pro se, and the Municipal Defendants have moved to join that Motion for Summaiy Judgment. This Court allows the Motion to Join.
In Docket No. 06-01660, the Phillipses also filed a Motion for Summaiy Judgment. The Briodys and the Municipal Defendants have moved to join in the Motion for Summaiy Judgment, which this Court allows. Lemansky has filed an appropriate Opposition to the Motion for Summary Judgment in both cases and has filed Cross Motions for Summaiy Judgment in both docket numbers 04-01258 and 06-01660.
FACTUAL BACKGROUND
The facts in each of these cases are common facts to both cases. The following are the undisputed facts as to which there is no genuine issue to be tried.
The facts revolve around five separate parcels of land located on Sunset Drive, four of which border on the shores of Glen Echo Lake in Charlton, Massachusetts, Parcel Nos. 28, 30, 31 and 32. All four abut the shore of Glen Echo Lake and are on the easterly shoreline of the lake. Parcel No. 15 does not abut the shore of Glen Echo Lake. It is on the easterly side of Sunset Drive directly opposite and across the street from Parcel 28. It is diagonally across the street from Parcel Nos. 30, 31 and 32.
The present record title holders to Parcel Nos. 28 and 15 are Lemansky and his wife. Lemansky is the plaintiff in this action. The Briodys are the present *484 owners of Parcel No. 30. The Phillipses are the present owners of Parcel Nos. 31 and 32.
Robert F. Lemansky (Lemansky) and his wife Kathleen Lemansky acquired title to Parcel Nos. 28 and 15 on July 28, 1976 by deed recorded in Worcester District Registry of Deeds, Book 5990, Page 292. Consideration was $67,500. Lemansky resides at 157 Sunset Drive which is Parcel 28. Parcel 15 which is diagonally across from his home is a vacant lot.
The defendants Hugh T. Briody and Susan S. Briody (Briodys) own the premises at 141 Sunset Drive, referred to as Parcel 30. It is contiguous to and immediately to the southeast of Parcel No. 28 which is owned by Lemansky and his wife.
The defendants John N. Phillips and Cheryl A. Phillips (Phillipses) reside at 135 Sunset Drive referred to as Parcel Nos. 31 and 32. Their property is contiguous to and immediately to the southeast of the parcel owned by the Briodys, Parcel No. 30.
The parcel owned by the Briodys, Parcel No. 30, and the parcels owned by the Phillipses, Parcel Nos. 31 and 32, are the basis and the gravamen of the complaints before the court.
Historically, the parcels in more recent times have the following history. Parcel No. 30 was conveyed on July 8, 1986 by Howard E. Murgatroid and Jean R. Murgatroid (Murgatroids) to David Lawrence and Dixie Lawrence (Lawrences) by deed recorded in Worcester District Registry of Deeds, Book 9583, Page 190.
The Parcel 30 did not then meet the dimensional requirements of the Town of Charlton Zoning Bylaws. However, the parcel was grandfathered under G.L.c. 40A, 6. The Lawrences constructed a single-family house on Parcel No. 30.
On December 3, 1996, Willard Ray Thompson and Frances Dorothy Thompson (Thompson) conveyed Parcel No. 31 to the Lawrences by deed recorded in Worcester District Registry of Deeds, Book 18446, Page 388. That lot did not meet the dimensional requirements of the Zoning By Laws of the Town of Charlton. It was a vacant lot. Parcel No. 31 was acquired by the Thompsons in 1969. The Thompsons owned no parcel adjacent to it. The lot as owned by the Thompsons was a grandfathered lot as they acquired it before the Zoning Laws of the Town of Charlton were adopted.
The combined Parcel Nos. 30 and 31 together do not meet the dimensional requirements of the Zoning By Laws of the Town of Charlton for the construction of a single-family house.
On June 15, 2000, the Lawrences sold Parcel 30, on which they had built a single-family house, to the Briodys for $340,000 by deed recorded in Worcester District Registry of Deeds, Book 22693, Page 249. The Lawrences retained ownership of Parcel No. 31.
On February 7, 2001, the Lawrences conveyed Parcel 31, the vacant parcel, to their son David A. Lawrence, IV by deed recorded in Worcester District Registry of Deeds, Book 23537, Page 363.
David Lawrence, IV applied for a variance from the Charlton Zoning Board of Appeals to build a single-family house on Parcel 31. On November 12, 2002, the Zoning Board of Appeals denied the request for a variance. The reason the application for a variance was denied was that the board determined that Parcel 31 was not a buildable parcel having lost its grandfathered rights as a separate parcel when Parcel No. 31 was combined with Parcel 30.
On February 15, 2003, David Lawrence, IV sold Parcel No. 31 for $50,000 to the Phillipses by deed recorded in Worcester District Registry of Deeds, Book 29072, Page 225.
The Phillipses at that time owned Parcel 32 which abutted Parcel No. 31. Parcel 32 was contiguous to and immediately to the southeast of Parcel No. 31. The Phillipses purchased Parcel 32 by deed from Impi L. Luukko dated August 18, 1998 and recorded in Worcester District Registry of Deeds, Book 20350, Page 148. Parcel 32 is a grandfathered lot under the Charlton Zoning Bylaws. The ownership of Parcel 32 was in separate ownership from any adjoining lots since the zoning was enacted in Charlton. The Phillipses consolidated Parcel Nos. 31 and 32 by a conveyance to a “straw” of both lots to Edmund A. Neal, III; and then a conveyance of the consolidated lots back to Phillips by Edmund A. Neal, III on February 19, 2003.
Independently, Parcel No. 31 and Parcel No. 32 each had 50 feet of frontage on Sunset Drive and 50 feet of frontage on Glen Echo Lake. The boundary lines to the adjacent properties was approximately 150 feet plus or minus on either side. When consolidated Parcel Nos. 31 and 32 together had a frontage on Sunset Drive of 100 feet and frontage on Glen Echo Lake of 100 feet. Parcel Nos. 31 and 32 as they stood separately each contained 7,500 square feet more or less and combined had in excess of 15,000 square feet more or less.
The Zoning Bylaws in Charlton at present require 150-foot frontage and 40,000 square feet of area for a single-family home in an area defined as R-40 Zoning District. Sunset Drive is located in that district.
Subsequent to the consolidation of Parcel Nos. 31 and 32, the Charlton Assessor’s Office identified the property on the Assessor’s Cards as Parcel 32 only.
On February 17, 2004, Lemansky requested a determination from the Zoning Enforcement Officer that the sale by the Lawrences to the Briodys of Parcel 30, without Parcel 31, was a violation of the Charlton Zoning Bylaw and the conveyance by the Lawrences to their son of Parcel 31 was also a violation of the Zoning Bylaw as the two Parcels No. 30 and 31 had merged as a matter of law when owned in common by the Lawrences.
*485 On February 26, 2004, the Zoning Enforcement Officer denied Lemansky’s request for enforcement. He responded that it was his opinion, as well as Town Counsel, that it was within the building commissioner’s discretion to issue a building permit for Parcels 31 and 32 as consolidated if an application was made by the Phillipses.
On March 11,2004, Lemansky appealed the Zoning Enforcement Officer’s decision to the Charlton Zoning Board of Appeals. Lemansky sought an enforcement action on the Briody property Parcel 30 asserting that it had lost its pre-existing nonconforming lot protected status as a result of the sale of Parcel 30 to the Briodys without Parcel 31. Lemansky stated that the subject of the building permit for Phillipses’ Parcel Nos. 31 and 32, is not the subject of Lemansky’s complaint but may be the end result.
The Zoning Board of Appeals after a public hearing on May 26, 2004 denied the Administrative Appeal of Lemansky pertaining to the Briody property at 141 Sunset Drive and endorsed the decision of the Zoning Enforcement Officer.
The Phillipses were issued a building permit for their parcel for a single-family house on June 21, 2004. They completed construction of their home and received an occupancy permit on June 22, 2005.
Lemansky is the owner of Parcel 28 and resides in that property as his residence. His Parcel, Number 28, projects out from the propertys adjacent to it and is a point of land on Glen Echo Lake. Lemansky also owns Parcel 15 which does not abut Glen Echo Lake and is diagonally across from Lemansky’s residence and also diagonally across from the Briody and Phillipses’ parcels. The views from Parcel 15 are obstructed by the house in which Lemansky lives on Parcel 28 as well as the house in which the Briodys live on Parcel 30.
The Charlton Zoning By Law does not list “visual impact” as a factor in zoning decisions for the R-40 Zoning District.
On March 28, 2006, Lemansky sought a determination from the Charlton Zoning Enforcement Officer that the property located at 135 Sunset Drive, the Phillipses’ parcel, consisting of Parcels 31 and 32, is not a buildable lot. He sought to revoke the building permit and the occupancy permit and requested an order for the removal of the home.
The Zoning Enforcement Officer on April 10, 2006 denied Lemansky’s request for enforcement.
On May 4, 2006, Lemansky appealed the decision of the Zoning Enforcement Officer to the Charlton Zoning Board of Appeals. He sought to overturn the decision of the Zoning Enforcement Officer and to enforce the provisions of the Zoning By Law against the Phillipses by revoking the building permit, revoking the occupancy permit, and ordering the home to be removed from the property.
The Zoning Board of Appeals held a hearing on the appeal on June 6, 2006, June 20, 2006, July 11,2006, July 18, 2006, and on July 25, 2006. On July 25, 2006, the Zoning Board of Appeals voted to uphold the decision of the Zoning Enforcement Officer and denied Lemansky’s appeal.
Lemansky then appealed the decision of the Zoning Board of Appeals to the Worcester Superior Court Civil Action 2006CV01660. Lemansky moved to consolidate the two cases which was allowed by the court on September 27, 2006.
DISCUSSION
Summary judgment is appropriate where there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Cassesso v. Comm’r of Corn, 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). This burden may be met by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson, 404 Mass. at 17.
1. Standing
In cases involving zoning violations, direct abutters enjoy a rebuttable presumption of being persons aggrieved by a violation. Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Once the presumption of standing is challenged with evidence contrary to the factual premise on which the claim of aggrievement is based, the presumption is eliminated. Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 258 (2003). The question of standing is then to be “determined on all of the evidence with no benefit to the plaintiffs from the presumption.” Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006). Plaintiffs are then required to “put forth credible evidence to substantiate [their] allegations.” Marashlian, 421 Mass. at 721. That evidence “must provide specific factual support for each of the claims of particularized injury the plaintiff has made . . . [and] must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board’s action.” Butler v. Waltham, 63 Mass.App.Ct. 435, 441 (2005). Loss of view, as well as a claim of diminution of value, may provide a basis for standing. Bucks v. Board of Appeals of Falmouth, 18 Mass.App.Ct. 249, 253 (1984); *486 Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 330 n.4 (1993).
In this case, Lemansky, as direct abutter, enjoys a presumptive standing to challenge a decision of the Zoning Board of Appeals. He claims that construction of a single-family house on parcels 31 and 32 has resulted in loss of view of the lake from parcel 15 and, as a result, diminution in value of that parcel. Defendants Phillipses challenged Lemansky’s standing and submitted report of a real estate appraiser to support their challenge. The report is based on comparable sales and contains photographs tending to show that the structure built on parcels 31 and 32 does not obstruct a view of the lake from parcel 15. The report also contains the appraiser’s opinion that the value of the parcel 15 did not diminish as a result of the Phillipses’ construction of their home. Thus, the Phillipses successfully rebutted Lemansky’s presumption of standing.
Lemansky, in turn, presented photographs depicting a view of the lake from a vantage point located on the parcel 15, as well as a letter from a real estate broker expressing an opinion that the value of the parcel substantially diminished as a result of the construction on parcels 31 and 32. This evidence is of the type on which reasonable persons could base a conclusion that construction of a house by the Phillipses resulted in loss of view and diminution of value of Lemansky’s property. Accordingly, this Court concludes that Lemansky has standing to challenge the decision of the Zoning Board of Appeals.
2. Phillipses’ right to build on parcels 31 and 32
It is undisputed that parcel 31 merged with parcel 30 when these two parcels came under common ownership in December of 1996. It is also undisputed that the Lawrences conveyed parcel 30 to the Briodys in violation of 3.4.1.4 of the Charlton Zoning Bylaw. Thus, when parcel 31 was subdivided from parcel 30, both parcels lost their grandfathered status.
Since parcel 32 was a pre-existing non-conforming lot at the time Charlton Zoning Bylaw was adopted, it enjoyed a grandfathered protected status under G.L.c. 40A, 6 and 3.4.1.1 of the bylaw. The Phillipses’ purchase of the adjacent nonconforming parcel did not change that status. “(I]t seems -unreasonable to suggest that a landowner cannot acquire land adjoining a protected, grandfathered, nonconforming lot he owns, merge the two lots to enlarge the protected, nonconforming lot and render it less nonconforming, unless the entire resulting lot complied with existing dimensional zoning requirements." See Learoyd v. Thurston, Civil No. 125271 (Land Ct. Dept., December 28, 1990).
The fact that parcel 31 was subdivided from parcel 30 in violation of the bylaw is not relevant to the determination of the Phillipses’ rights. There is no evidence before this Court to suggest that the Phillipses participated in any way in the Lawrences’ illegal conveyance of parcel 30 to the Briodys. Even if the Phillipses were aware of the transaction and of the fact that the conveyance violated the zoning bylaw, there appears to be no authority to suggest that this knowledge should prevent them from later acquiring parcel 31. Thus, the Phillipses lawfully merged parcels 31 and 32, and the resulting parcel continues to enjoy grandfathered protected status under G.L.c. 40A, 6.
Accordingly, the Phillipses are entitled to the judgment as a matter of law, and their motion for summary judgment should be allowed. Further, the Municipal Defendants committed no wrong in allowing the Phillipses to build a home on the merged parcel.
3. The Briodys’ right to keep their residence on parcel 30
■When parcel 30 was conveyed to the Briodys separately from parcel 31 in violation of the Charlton zoning bylaw, both parcels lost their protected, grandfathered status. The conveyance left parcel 30 in violation of the zoning bylaw. The Briodys were active participants in the transaction that created this zoning violation. Thus, the Briodys are not entitled to judgment as a matter of law and defendants’ motion for summary judgment should be denied as to the Briodys.
Parcel 30 was subdivided from parcel 31 in violation of the bylaw without a permit or a variance. The Municipal Defendants did not participate in any way in the creation of this zoning violation. Accordingly, the Municipal Defendants are entitled to summary judgment.
Lemansky asks this Court to order the equitable remedy of removal of the residence from parcel 30. The Court finds that such order would not be appropriate at this time. “Equitable remedies are flexible tools to be applied with the focus on fairness and justice.” Demoulas v. Demoulas, 428 Mass. 555, 580 (1998). “(E)quitable principles are applied to return an aggrieved party to the stats quo.” Id. at 590. The record before this Court presents a question of fact as to whether Lemansky was actually harmed by the zoning violation created by the Briodys and if he was, to what extent. Only after finding these facts, the Court would be able to determine an appropriate remedy, if any, needed to return Lemansky to the status quo.
Accordingly, defendants’ motion for summary judgment is ALLOWED as to the Phillipses and the Municipal Defendants and DENIED as to the Briodys. Plaintiffs cross motion for summary judgment is DENIED.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is -ALLOWED as to the Phillipses and the Municipal Defendants and DENIED as to the Briodys. Plaintiffs cross motion for summary judgment is DENIED.